UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
Antsy Labs, LLC et al.,

        Plaintiffs,                    21-cv-6123 (JSR)

    -against-                          MEMORANDUM ORDER

The Individuals, Corporations,
Limited Liability Companies,
Partnerships, and Unincorporated
Associations Identified on
Schedule A,

        Defendants.
```

JED S. RAKOFF, U.S.D.J.

This is a suit arising from the alleged online sale of counterfeit "fidget cubes," a toy for which plaintiffs Antsy Labs, LLC and ZURU Inc. hold the copyrights. The Court assumes the parties' familiarity with the facts and prior proceedings of this case. Now before the Court is defendant Wisebox Inc.'s motion to dismiss the complaint for lack of personal jurisdiction. See ECF No. 71.[1] Plaintiffs filed an opposition, see ECF No. 75, and Wisebox waived its reply. The Court conducted oral argument on

---

[1] Wisebox's motion to dismiss was rejected by the Clerk of the Court due to technical errors with its filing. Wisebox failed to rectify this error. Nonetheless, the Court accepted the motion as filed, see ECF No. 72, and both parties have agreed that they understand it to be the operative motion, see Docket Entry on 4/21/2022.

1

the motion on May 3, 2022. For the reasons stated below, the Court denies Wisebox's motion to dismiss.

On a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant. In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 399 F. Supp. 2d 325, 330 (S.D.N.Y. 2005). "Where, as here, a court relies on pleadings and affidavits, rather than a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." Id. (quoting Distefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001)). In ruling on a 12(b)(2) motion, a court may consider materials outside the pleadings, including affidavits and other written materials. MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012).

Personal jurisdiction over a foreign defendant . . . requires a two-step inquiry." Shovah v. Roman Catholic Diocese of Albany, N.Y., Inc., 745 F.3d 30, 37 (2d Cir. 2014). First, the Court "appl[ies] the forum state's long-arm statute" to determine whether jurisdiction is legislatively authorized. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). Second, the Court turns to "whether the exercise of personal jurisdiction . . . comports with the Due Process Clause." Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 224 (2d Cir.

2014). Here, Wisebox's brief only challenges this Court's jurisdiction under the first prong, arguing that personal jurisdiction does not lie under New York's long-arm statute, N.Y. C.P.L.R. § 302, thus waiving any challenge under the U.S. Constitution, see Pablo Star Ltd. v. Welsh Gov't, 170 F. Supp. 3d 597, 606 n.4 (S.D.N.Y. 2016). Nevertheless, the Court addresses each prong in turn.

### I. State Long Arm Statute Analysis

Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y.C.P.L.R. § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 168 (2d Cir. 2013). "[S]ection 302 is a 'single act statute,'" meaning that "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 170 (2d Cir. 2010) (quoting Kreutter v. McFadden Oil Corp., 522 N.E.2d 40, 43 (N.Y. 1988)).

"Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privileges of conducting activities within the forum State." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 168 (2d Cir. 2015) (quoting Fischbarg v. Doucet, 880 N.E.2d 22, 26 (N.Y. 2007)).

Courts within this Circuit have held that "regularly offering and selling goods via an online market place such as Amazon.com can provide a basis for personal jurisdiction under CPLR § 302(a), even though [d]efendants do not control their Amazon.com 'storefront' or its interactivity to the same extent that they control their own highly interactive website,'" Brady v. Anker Innovations Ltd., 2020 WL 158760, at *5 (S.D.N.Y. Jan. 13, 2020) (quoting Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC, 2016 WL 3748480, at *3 (S.D.N.Y. July 8, 2016)), at least where the defendant "made at least one sale to New York," Spin Master Ltd. v. 158, 2020 WL 5350541, at *3 (S.D.N.Y. Sept. 4, 2020). Wisebox fails to cite any authority contrary to this authority.

Wisebox submitted an affidavit in which it acknowledged that, although it never solicited business in New York nor had offices there, it has sold multiple units of its product in New York through Amazon.com. ECF No. 71-1 ¶¶ 2-9. Accordingly, having sold at least one product in New York through Amazon, it is subject to this Court's jurisdiction under N.Y.C.P.L.R. § 302(a)(1).

## II. Constitutional Analysis

As noted above, Wisebox does not address personal jurisdiction under the U.S. Constitution in its brief. Nevertheless, precedent establishes that the jurisdictional elements have been met. As it pertains to personal jurisdiction under the Due Process Clause, courts may exercise personal jurisdiction over an out-of-state defendant if (1) the defendant has certain minimum contacts with the forum state, and (2) the maintenance of the lawsuit does not "offend traditional notions of fair play and substantial justice." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Here, plaintiffs have established the requisite minimal contacts with New York in order to establish specific jurisdiction. Specific jurisdiction is satisfied when the defendant's "suit-related conduct . . . create[s] a substantial connection with the forum State." Walden v. Fiore, 571 U.S. 277, 284 (2014). In determining whether such a connection exists, the court considers (1) whether the relationship with the forum state "arise[s] out of contacts that 'the defendant [itself]' creates with the forum State," as opposed to "contacts between the plaintiff (or third parties)"; and (2) what are the "defendant's contacts with the forum State itself," as opposed to the "defendant's contacts with persons who reside there." Id. at 284-85. As Wisebox's affidavit

5

establishes, this suit arises from Wisebox's own purposeful use of the internet to "advertise, market, and sell its products to a broad set of customers, including those in New York," creating the necessary contacts with New York. Brady, 2020 WL 158760, at *6.

"The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice' — that is, whether it is reasonable under the circumstances of the particular case." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996) (Int'l Shoe Co., 326 U.S. at 316). "While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477, (1985)). Although there is certainly some inconvenience in requiring Wisebox, which is based in Hong Kong, to litigate in New York, Wisebox has raised no argument for why it would be particularly burdensome so as to render submission to this Court's jurisdiction unreasonable.

Thus, for the foregoing reasons above, the Court DENIES the motion to dismiss for lack of personal jurisdiction. The Clerk of the Court is instructed to close documents numbered 46, 92, 94 on the docket of this case.

SO ORDERED.

Dated:   New York, NY

　　　　　May 4, 2022

_____
JED S. RAKOFF, U.S.D.J.